IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LAM HOA LY,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | EP-26-CV-00278-DB |
| | § | |
| **U.S. DEPT. OF HOMELAND** | § | |
| **SECURITY**, *et al.*, | § | |
| Respondents. | § | |

## ORDER

On this day, the Court considered the above-captioned case. On February 2, 2026, Petitioner Lam Hoa Ly filed a "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, by a Person Subject to Unlawful Immigration Detention," ECF No. 1. Petitioner is currently detained at the Camp East Montana Detention Facility in El Paso, Texas in the Western District of Texas. *Id.* at 2. He argues his detention is unlawful and asks the Court to order his immediate release. *Id.* at 36.

Petitioner is a Vietnamese national who entered the United States in 1992. *Id.* at 5. In May 2006, Petitioner was convicted of aggravated kidnapping in violation of state law. *Id.* After serving his sentence, Petitioner was taken into the custody of Immigration and Customs Enforcement ("ICE") and placed in removal proceedings. *Id.* On July 6, 2015, an Immigration Judge ("IJ") ordered Petitioner removed from the United States. *Id.* at 6. Petitioner was detained for approximately seventeen months following his initial arrest. *Id.* at 6.

On February 24, 2017, Petitioner was released pursuant to an Order of Supervision, the terms of which Petitioner has complied with for over nine years. *Id.* at 6. However, on October 24,

2025, Petitioner was re-detained by ICE and issued a Notice of Revocation ("Notice"). ECF No. 6 at 2. The Notice reads as follows:

> This letter is to inform you that your order of supervision has been revoked and you will be detained in the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your official alien file and a determination that there are changed circumstances in your case.
>
> ICE has determined that you can be removed from the United States pursuant to the outstanding order of removal against you. On July 6, 2015, you were ordered removed to Vietnam by an authorized U.S. DHS/DOJ official and you are subject to an administratively final order of removal. Your case is or will be under review by the Government of Vietnam for the issuance of a travel document.
>
> Based on the above, and pursuant to 8 C.F.R. § 241.4 / 8 C.F.R. § 241.13, you are to remain in ICE custody at this time. You will promptly be afforded an informal interview at which you will be given an opportunity to respond to the reasons for revocation. You may submit any evidence or information you wish to be reviewed in support of your release. If you are not released after the informal interview, you will received notification of a new review, which will occur within approximately three months of the date of this notice. . . .

ECF No. 6–2 at 1. According to Respondents, Petitioner received an informal interview on December 9, 2025. ECF No. 6 at 11. However, it appears the primary purpose of the interview was to complete a Form I-217, Information for Travel Document or Passport. *See* ECF No. 6–1 at 3. It is unclear whether Petitioner was afforded an opportunity to challenge the reasons for revocation during the interview.

On February 2, 2026, Petitioner filed the instant Petition, arguing, among other things, that his current detention violates due process because he was not provided adequate notice nor an informal interview, as is required under 8 C.F.R. §241. *Id.* at 27–29. Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due

process violations. *See Qudus v. Noem*, No. EP-25-CV-00679-DB (W.D. Tex. Jan. 20, 2026); *Huang v. Superintendent, ERO El Paso Camp East Montana*, No. EP-25-CV-00730-DB (W.D. Tex. Jan. 30, 2026). The Court previously noted it appears from the writ that it should be granted. *See* ECF No. 3 at 2. Nonetheless, this Court afforded Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." *Id.*

Respondents filed their second corrected response on February 5, 2026, ECF No. 6. Therein, Respondents argue Petitioner has failed to establish a violation of federal regulations and therefore failed to establish a violation of due process. ECF No. 6 at 11. According to Respondents, the only applicable regulation here is 8 C.F.R. § 241.4. They contend 8 C.F.R. § 241.13 does not apply to Petitioner because he refused to make timely application in good faith for travel or other documents necessary to his departure.[1] ECF No. 6 at 12. Respondents further argue that the requirements of 8 C.F.R. § 241.4 were satisfied because they provided Petitioner a Notice of Revocation and informal interview. ECF No. 6 at 12–13. Even assuming Respondents are correct that 8 C.F.R. 241.13 is inapplicable here, the Court disagrees with Respondents' assertion that the

---

[1] According to Respondents, ICE interviewed Petitioner on December 9, 2026, to complete a Form I-217, Information for Travel Document or Passport. ECF No. 6–1 at 3. During the interview, Petitioner allegedly refused to provide the necessary information, so he was served with Form I-229a, Warning for Failure to Depart, which he refused to sign. *Id.* Petitioner disputes Respondents' account of what transpired during the interview, claiming that he only asked to speak to an attorney before signing any documents. *See* ECF No. 9 at 3–4.

requirements of § 241.4 were satisfied in this case because the Notice of Revocation issued to Petitioner is facially deficient.

In *Huang*, this Court held that "[s]uperficial compliance with the revocation procedures set forth in [8 C.F.R.] § 241 is insufficient to actually satisfy the requirements of the regulation and due process more generally." No. EP-25-CV-00730-DB, at 10. At first glance, the Notice issued in this case appears more tailored than that issued in *Huang* because it at least identifies the removal country. *Compare* ECF No. 6–2 at 1, *with Huang*, No. EP-25-CV-00730-DB, at 2. However, a closer reading reveals that the Notice says nothing at all about the specific facts justifying revocation of Petitioner's OSUP. It merely states Petitioner's "case is or *will be* under review by the Government of Vietnam for the issuance of a travel document." ECF No. 6–2 at 1 (emphasis added). Indeed, Respondents themselves admit that they have yet to request travel documents for Petitioner from the Vietnamese government. *See* ECF No. 6–1 at 4.

To be clear, predictions are not facts. Predictions cannot be used to justify the re-detention of a noncitizen previously released on an order of supervision. For nine years, ICE has been unable to effectuate Petitioner's removal to Vietnam, and there is nothing cited in the Notice to support a finding of changed circumstances and that would allow Petitioner to meaningfully respond to the allegations contained therein. Because the Court is not persuaded by Respondents' argument that Petitioner was afforded adequate notice under § 241, the same result this Court has reached in similar cases is warranted in this case.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Qudus* and *Huang*, **IT IS HEREBY ORDERED** Petitioner Ly's "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, by a Person Subject to

Unlawful Immigration Detention," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody by <u>**no later than March 12, 2026,**</u> subject to the conditions of supervision imposed prior to his re-detention on October, 24, 2025.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court of Petitioner's release <u>**no later than March 13, 2026.**</u>

**IT IS FURTHER ORDERED** that Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FINALLY ORDERED** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case <u>**no later than March 20, 2026.**</u>

**SIGNED** this **11th** day of **March 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE